UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        v.

DARIUS A. PADUCH,

           Defendant.

**SUPERSEDING INDICTMENT**

S2 23 Cr. 181 (RA)

The Grand Jury charges:

**OVERVIEW**

1.    As set forth herein, over the course of several years, DARIUS A. PADUCH, the defendant, sexually abused and assaulted multiple male patients, including minor male patients, while conducting purported urological examinations in his capacity as a medical doctor employed by a prestigious medical institution in New York, New York ("Medical Institution-1").

2.    In particular, from at least in or about 2007 through at least in or about 2019, DARIUS A. PADUCH, the defendant, while working as a urologist, enticed and induced multiple victims to travel to his medical offices at Medical Institution-1, so PADUCH could, among other things, sexually abuse and assault the victims. PADUCH also induced victims to travel to his boat and his home in New Jersey, where he abused and assaulted the victims under the guise of medical care. In or about 2019, PADUCH began practicing at a different hospital located in Long Island, New York ("Medical Institution-2"), where he continued to sexually abuse and assault victims. PADUCH used his position as a urologist at prominent medical institutions in New York, to make or attempt to make the victims believe that the sexual abuse and assault he inflicted on them was medically necessary and appropriate. PADUCH often directed the victims to schedule follow-up visits, and he instructed victims to return to see him again. As a result, some of the victims attended

many appointments with PADUCH over the course of multiple years, at which PADUCH repeatedly abused and assaulted them.

3.      As a part and in furtherance of his scheme, DARIUS A. PADUCH, the defendant, enticed, induced, and caused certain victims, including minor victims, to return to appointments with him to be further sexually abused and assaulted, knowing that in order to do so, those victims would travel to PADUCH's offices at Medical Institution-1 in New York, New York, from or through other states.

4.      In addition, as a part and in furtherance of his scheme, DARIUS A. PADUCH, the defendant, used a telephone and other means of interstate commerce to entice, induce, and cause victims, including minor victims, to return to appointments with him to be further sexually abused and assaulted.

## FACTUAL BACKGROUND

5.      From at least in or about 2003 through in or about 2023, DARIUS A. PADUCH, the defendant, worked in New York as a practicing urologist, specializing in male infertility and andrology (*i.e.*, male reproductive health). Specifically, from at least in or about 2003 through at least in or about April 2019, PADUCH worked at Medical Institution-1 as a medical doctor. Then from in or about 2019 until in or about 2023, PADUCH worked at Medical Institution-2 as a medical doctor.

6.      From at least in or about 2007 through in or about 2019, DARIUS A. PADUCH, the defendant, abused and assaulted multiple victims, including minor victims, who went to PADUCH for medical care. PADUCH did so in the course of providing these victims with purportedly necessary and appropriate medical treatment. During appointments, PADUCH claimed that he needed to touch victims in certain ways to provide medical treatment, when in fact,

2

PADUCH sexually abused and assaulted those victims for no legitimate medical purpose and for his own sexual gratification.

7.     In particular, DARIUS A. PADUCH, the defendant, typically used the following means and methods, among others, to carry out his abuse and assault:

a.     Although at times nurses, assistants, and minor victims' parents were present for portions of PADUCH's appointments with victims, PADUCH typically conducted physical examinations of victims without anyone else in the room.

b.     Once alone with victims, PADUCH directed them to masturbate in his presence. PADUCH also often played pornography while watching victims masturbate at his direction.

c.     PADUCH frequently insisted on masturbating the victims himself by grabbing their penises and stimulating their genitalia with his hands or a vibrating instrument that certain victims understood to be a sex toy, in order to induce an erection and/or ejaculation.

d.     PADUCH frequently touched and masturbated victims' genitalia without warning and without wearing gloves. While masturbating the victims, PADUCH often stood very close to the victims, and at times, he pressed himself against them, groped them, and/or caressed them. Certain victims observed and/or felt that PADUCH was aroused when masturbating them.

e.     PADUCH often directed victims to orgasm and ejaculate in his presence without any valid medical purpose, often failing to provide such victims with a specimen cup, or other receptacle, to collect a sample of ejaculate.

f.     In several instances, PADUCH penetrated victims' rectums with his fingers, without gloves, and while masturbating them for no legitimate medical purpose.

3

g. During appointments, PADUCH frequently initiated conversations with victims about their sexual activity, physical appearance, and physiques, including the length or size of their penises. Such discussions had no bearing on medical treatment. In the same manner, PADUCH volunteered intimate information about his own sexual activity, sexual history, and sexual orientation, which also had no bearing on medical treatment or any other legitimate medical purpose.

h. Under the guise of medical care, PADUCH at times offered unsolicited critiques of victims' masturbation techniques—telling them in sum and substance that they were masturbating incorrectly—and grabbed their penises, purportedly to show the victims how to masturbate properly.

i. PADUCH exposed his own genitals to certain victims, in some cases purporting to demonstrate how to perform a masturbatory technique or to confirm that a physiological trait was normal.

j. PADUCH purchased pornography subscriptions and sex toys for particular victims.

k. PADUCH prescribed victims medication, including psychotropic and sedative medications on which they became reliant on him for refills.

8. To ensure that he could continue to sexually abuse and assault victims, DARIUS A. PADUCH, the defendant, took various steps to cause, induce, and entice certain victims to return to see him, knowing that certain victims would have to travel from or through other states to attend appointments with him, including appointments at which PADUCH sexually abused and assaulted those victims. PADUCH induced certain victims to travel into New York from or

4

through other states, and also into New Jersey from New York, by using various means and methods, including but not limited to the following:

a. PADUCH selected how frequently and when a victim would have appointments with him, often directing victims to schedule follow-up appointments at a particular time interval.

b. After appointments, PADUCH sent victims—including minor victims— text messages from his personal cellphone, as well as e-mails. In those communications, he made inappropriate and sexual comments and jokes, and he directed the victims to schedule follow-up appointments or even to visit his office after regular business hours.

c. When PADUCH caused and enticed certain minor victims to return for follow-up appointments, he knew that they had to travel from or through a state other than New York to attend their appointments in New York, New York.

## INDIVIDUAL VICTIMS

9. DARIUS A. PADUCH, the defendant, sexually abused and assaulted multiple male victims, including several who were minors at the time. In particular and during periods relevant to this Indictment, PADUCH engaged in the following acts, among others, with respect to these victims:

### Minor Victim-1

10. Minor Victim-1 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2015 through at least in or about 2017. During the entire time Minor Victim-1 was PADUCH's patient, Minor Victim-1 lived outside the state of New York and thus traveled from another state into New York for appointments with PADUCH. PADUCH knew that Minor Victim-1 traveled from another state for his appointments.

5

11.     DARIUS A. PADUCH, the defendant, knew that Minor Victim-1 was under the age of 18 when Minor Victim-1 became PADUCH's patient.

12.     After turning 18, Minor Victim-1 continued to travel to New York for appointments with DARIUS A. PADUCH, the defendant, during which PADUCH sexually abused and assaulted Minor Victim-1.

13.     During appointments, including while Minor Victim-1 was under the age of 18, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Minor Victim-1 through a course of conduct that lacked any valid medical purpose. During multiple appointments with Minor Victim-1, PADUCH played pornography and used his ungloved hand to masturbate Minor Victim-1 until Minor Victim-1 ejaculated. On at least one such occasion, after Minor Victim-1 ejaculated, PADUCH smeared Minor Victim-1's ejaculate on Minor Victim-1's mouth and expressed incredulity that Minor Victim-1 had never tasted his own semen.

14.     During at least one appointment while Minor Victim-1 was under the age of 18, DARIUS A. PADUCH, the defendant, inserted his finger into Minor Victim-1's rectum for no valid medical purpose.

15.     During appointments with Minor Victim-1, DARIUS A. PADUCH, the defendant, routinely recommended that Minor Victim-1's parent exit the examination room before PADUCH abused and assaulted Minor Victim-1.

16.     After Minor Victim-1's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-1 was under the age of 18—PADUCH used a telephone to direct Minor Victim-1 to return for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-1.

6

## Minor Victim-2

17.     Minor Victim-2 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2015 through at least in or about 2022. Throughout the entire time Minor Victim-2 was PADUCH's patient, Minor Victim-2 lived outside the state of New York. As a result, Minor Victim-2 traveled from out of state into New York for appointments with PADUCH. PADUCH knew that Minor Victim-2 traveled from another state into New York for his appointments.

18.     DARIUS A. PADUCH, the defendant, knew that Minor Victim-2 was under the age of 18 when Minor Victim-2 first became PADUCH's patient.

19.     After turning 18, Minor Victim-2 continued to travel to New York for appointments with DARIUS A. PADUCH, the defendant, during which PADUCH sexually abused and assaulted Minor Victim-2.

20.     During these appointments, including while Minor Victim-2 was under the age of 18, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Minor Victim-2 through a course of conduct that lacked any valid medical purpose. For example, over the course of years, Minor Victim-2 went to PADUCH for regular appointments at which PADUCH routinely directed Minor Victim-2 to strip naked and used his ungloved hand to masturbate Minor Victim-2 until Minor Victim-2 ejaculated. Although Minor Victim-2's parents accompanied Minor Victim-2 to appointments, PADUCH sexually abused and assaulted Minor Victim-2 only when Minor Victim-2's parents were not present in the examination room.

21.     During multiple appointments, DARIUS A. PADUCH, the defendant, conducted a medically unnecessary "rectal exam" of Minor Victim-2.

22.     After Minor Victim-2's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-2 was under the age of 18—PADUCH used a telephone

7

to direct Minor Victim-2 to return for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-2.

## Minor Victim-3

23.     Minor Victim-3 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2009 through at least in or about 2020. During the entire time Minor Victim-3 was PADUCH's patient, Minor Victim-3 lived outside the state of New York and thus traveled from another state into New York for appointments with PADUCH. PADUCH knew that Minor Victim-3 traveled from another state for his appointments.

24.     DARIUS A. PADUCH, the defendant, knew that Minor Victim-3 was under the age of 18 when Minor Victim-3 became PADUCH's patient.

25.     After turning 18, Minor Victim-3 continued to travel to New York for appointments with DARIUS A. PADUCH, the defendant, during which PADUCH sexually abused and assaulted Minor Victim-3.

26.     During appointments, including while Minor Victim-3 was under the age of 18, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Minor Victim-3 through a course of conduct that lacked any valid medical purpose. During multiple appointments with Minor Victim-3, PADUCH played pornography and used his ungloved hand to masturbate Minor Victim-3 until Minor Victim-3 ejaculated. On certain occasions, while directing Minor Victim-3 to masturbate, PADUCH would press his body against that of Minor Victim-3.

27.     After Minor Victim-3's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-3 was under the age of 18—PADUCH and his staff used a telephone to discuss Minor Victim-3's purported ongoing treatment with Minor Victim-3's

8

parent, thus inducing Minor Victim-3 to return to PADUCH's office for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-3.

28. On at least one occasion, after Minor Victim-3 was over the age of 18, DARIUS A. PADUCH, the defendant, sent a text message to Minor Victim-3 indicating that he was presently stimulating himself.

## Minor Victim-4

29. Minor Victim-4 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2007 through at least in or about 2019. During the entire time Minor Victim-4 was PADUCH's patient, Minor Victim-4 lived outside the state of New York and thus traveled from another state into New York for appointments with PADUCH. PADUCH knew that Minor Victim-4 traveled from another state for his appointments.

30. DARIUS A. PADUCH, the defendant, knew that Minor Victim-4 was under the age of 18 when Minor Victim-4 became PADUCH's patient.

31. After turning 18, Minor Victim-4 continued to travel to New York for appointments with DARIUS A. PADUCH, the defendant, during which PADUCH sexually abused and assaulted Minor Victim-4.

32. During appointments, including while Minor Victim-4 was under the age of 18, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Minor Victim-4 through a course of conduct that lacked any valid medical purpose. During multiple appointments with Minor Victim-4, PADUCH played pornography and used his ungloved hand to masturbate Minor Victim-4 until Minor Victim-4 ejaculated. On at least one such occasion, after Minor Victim-4 ejaculated into a receptacle, PADUCH invited Minor Victim-4 to smell his own ejaculate

9

and brought the receptacle of ejaculate up to Minor Victim-4's nose. PADUCH asked Minor Victim-4 what he thought.

33.     After Minor Victim-4's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-4 was under the age of 18—PADUCH and his staff used a telephone to discuss Minor Victim-4's purported ongoing treatment with Minor Victim-4's parent, thus inducing Minor Victim-4 to return to PADUCH's office for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-4.

## Minor Victim-5

34.     Minor Victim-5 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2010 through at least in or about 2019. During the entire time Minor Victim-5 was PADUCH's patient, Minor Victim-5 lived outside the state of New York and thus traveled from another state into New York for appointments with PADUCH. PADUCH knew that Minor Victim-5 traveled from another state for his appointments.

35.     DARIUS A. PADUCH, the defendant, knew that Minor Victim-5 was under the age of 18 when Minor Victim-5 became PADUCH's patient.

36.     After turning 18, Minor Victim-5 continued to travel to New York for appointments with DARIUS A. PADUCH, the defendant, during which PADUCH sexually abused and assaulted Minor Victim-5.

37.     During appointments, including while Minor Victim-5 was under the age of 18, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Minor Victim-5 through a course of conduct that lacked any valid medical purpose. During multiple appointments with Minor Victim-5, PADUCH played pornography and used his ungloved hand to masturbate Minor Victim-5. On at least one occasion, while PADUCH was stimulating Minor Victim-5 with

10

a vibrating tool, Minor Victim-5 observed what he believed to be PADUCH's erection beneath his pants.

38.     After Minor Victim-5's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-5 was under the age of 18—PADUCH and his staff used a telephone to discuss Minor Victim-5's purported ongoing treatment with Minor Victim-5's parent, thus inducing Minor Victim-5 to return to PADUCH's office for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-5.

## Victim-6

39.     Victim-6 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2011 through at least in or about 2018.

40.     During appointments, some of which occurred after business hours and after his staff had departed, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Victim-6 through a course of conduct that lacked any valid medical purpose. During multiple appointments with Victim-6, PADUCH played pornography and used his ungloved hand to masturbate Victim-6. On certain occasions when PADUCH was masturbating Victim-6, PADUCH drew very near to him, allowing Victim-6 to observe PADUCH's erections.

41.     On multiple occasions, DARIUS A. PADUCH, the defendant, induced Victim-6 to travel from New York to PADUCH's home and his boat, both located in New Jersey. There, PADUCH directed Victim-6 to masturbate in front of him and also masturbated Victim-6 with his bare hands, claiming that such conduct was part of a medical treatment plan for Victim-6. On one occasion, while on PADUCH's boat, PADUCH began to stimulate himself in the presence of Victim-6 and ejaculated on Victim-6, causing Victim-6 to express alarm.

11

42.     During the entire time Victim-6 was a patient of DARIUS A. PADUCH, the defendant, Victim-6 lived in the state of New York and thus traveled from New York to another state to visit PADUCH's boat, where PADUCH abused and assaulted Victim-6.  PADUCH knew that Victim-6 traveled from another state to visit PADUCH's boat in New Jersey.

43.     On at least one occasion, DARIUS A. PADUCH, the defendant, traveled to the home of Victim-6, where PADUCH proceeded to masturbate Victim-6 under the guise of providing medical treatment to Victim-6.

44.     On at least one occasion, DARIUS A. PADUCH, the defendant, sent an email to Victim-6, in which PADUCH described watching pornography and touching his genitals.

### Victim-7

45.     Victim-7 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2012 through at least in or about 2014.  During the entire time Victim-7 was PADUCH's patient, Victim-7 lived outside the state of New York and thus traveled from another state into New York for appointments with PADUCH.  PADUCH knew that Victim-7 traveled from another state for his appointments.

46.     During appointments, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Victim-7 through a course of conduct that lacked any valid medical purpose.  During multiple appointments with Victim-7, PADUCH played pornography and used his ungloved hand to masturbate Victim-7.

47.     On multiple occasions, DARIUS A. PADUCH, the defendant, induced Victim-7 to visit PADUCH's boat, where PADUCH repeatedly sexually abused and assaulted Victim-7 through a course of conduct that lacked any valid medical purpose.  While alone on the boat with

Victim-7, PADUCH masturbated Victim-7 under the guise of medical treatment. On at least one occasion, PADUCH exposed his own genitals to Victim-7.

## Minor Victim-8

48. Minor Victim-8 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2007 through at least in or about 2008.

49. DARIUS A. PADUCH, the defendant, knew that Minor Victim-8 was under the age of 18 when Minor Victim-8 became PADUCH's patient and for the entire time that Minor Victim-8 was a patient of PADUCH.

50. During appointments, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Minor Victim-8 through a course of conduct that lacked any valid medical purpose. During at least two appointments with Minor Victim-8 and outside the presence of a parent or guardian of Minor Victim-8, PADUCH used his ungloved hand to masturbate Minor Victim-8.

51. While in the examination room alone with Minor Victim-8, PADUCH displayed pornography and inquired of Minor Victim-8's pornographic preferences.

52. During one appointment, while Minor Victim-8 was in the examination room with his older brother (the "Brother") and DARIUS A. PADUCH, the defendant, PADUCH displayed pornography for Minor Victim-8 and the Brother, before departing the examination room and instructing the Brother to remain in the examination room to ensure that Minor Victim-8 was masturbating correctly.

53. After Minor Victim-8's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-8 was under the age of 18—PADUCH and his staff used a telephone to discuss Minor Victim-8's purported ongoing treatment with Minor Victim-8's

13

parent, thus inducing Minor Victim-8 to return to PADUCH's office for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-8.

## STATUTORY ALLEGATIONS

### COUNT ONE
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Minor Victim-1)

The Grand Jury further charges:

54.    The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

55.    From at least in or about 2015 through at least in or about 2017, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Minor Victim-1 to travel to New York, New York, from a state outside of New York, to engage or attempt to engage in unlawful sexual activity with Minor Victim-1, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

### COUNT TWO
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Minor Victim-2)

The Grand Jury further charges:

56.    The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

57.    From at least in or about 2015 through at least in or about 2019, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded,

induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Minor Victim-2 to travel to New York, New York, from a state outside of New York, to engage or attempt to engage in unlawful sexual activity with Minor Victim-2, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT THREE
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Minor Victim-3)

The Grand Jury further charges:

58. The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

59. From at least in or about 2009 through at least in or about 2017, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Minor Victim-3 to travel to New York, New York, from a state outside of New York, to engage or attempt to engage in unlawful sexual activity with Minor Victim-3, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

15

## COUNT FOUR
## (Inducement to Travel to Engage in Unlawful Sexual Activity)
## (Minor Victim-4)

The Grand Jury further charges:

60.     The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

61.     From at least in or about 2007 through at least in or about 2019, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Minor Victim-4 to travel to New York, New York, from a state outside of New York, to engage or attempt to engage in unlawful sexual activity with Minor Victim-4, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT FIVE
## (Inducement to Travel to Engage in Unlawful Sexual Activity)
## (Minor Victim-5)

The Grand Jury further charges:

62.     The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

63.     From at least in or about 2010 through at least in or about 2019, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Minor Victim-5 to travel to New York, New York,

16

from a state outside of New York, to engage or attempt to engage in unlawful sexual activity with Minor Victim-5, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT SIX
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Victim-6)

The Grand Jury further charges:

64. The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

65. From at least in or about 2011 through at least in or about 2018, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Victim-6 to travel from Brooklyn, New York, to a state outside of New York, to engage or attempt to engage in unlawful sexual activity with Victim-6, in violation of New Jersey Code of Criminal Justice Section 2C:14-3(b).

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT SEVEN
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Victim-7)

The Grand Jury further charges:

66. The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

67. From at least in or about 2012 through at least in or about 2014, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded,

17

induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Victim-7 to travel to New York, New York, from a state outside of New York, to engage or attempt to engage in unlawful sexual activity with Victim-7, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT EIGHT
### (Inducement of a Minor to Engage in Unlawful Sexual Activity)
### (Minor Victim-1)

The Grand Jury further charges:

68.     The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.d

69.     From at least in or about 2015 through at least in or about 2016, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PADUCH used computers and telephones to communicate with Minor Victim-1 to engage or attempt to engage in unlawful sexual activity with Minor Victim-1, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT NINE
### (Inducement of a Minor to Engage in an Unlawful Sexual Activity)
### (Minor Victim-2)

The Grand Jury further charges:

70.     The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

71.     From at least in or about 2015 through at least in or about 2019, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PADUCH used computers and telephones to communicate with Minor Victim-2 to engage in unlawful sexual activity with Minor Victim-2, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT TEN
### (Inducement of a Minor to Engage in an Unlawful Sexual Activity)
### (Minor Victim-3)

The Grand Jury further charges:

72.     The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

73.     From at least in or about 2009 through at least in or about 2011, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PADUCH used

19

computers and telephones to communicate with Minor Victim-3 to engage in unlawful sexual activity with Minor Victim-3, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT ELEVEN
### (Inducement of a Minor to Engage in an Unlawful Sexual Activity)
### (Minor Victim-4)

The Grand Jury further charges:

74.    The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

75.    From at least in or about 2007 through at least in or about 2009, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PADUCH used computers and telephones to communicate with Minor Victim-4 to engage in unlawful sexual activity with Minor Victim-4, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT TWELVE
### (Inducement of a Minor to Engage in an Unlawful Sexual Activity)
### (Minor Victim-5)

The Grand Jury further charges:

76.    The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

77.    From at least in or about 2010 through at least in or about 2016, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, using a facility and

means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PADUCH used computers and telephones to communicate with Minor Victim-5 to engage in unlawful sexual activity with Minor Victim-5, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT THIRTEEN
### (Inducement of a Minor to Engage in an Unlawful Sexual Activity)
### (Minor Victim-8)

The Grand Jury further charges:

78. The allegations contained in paragraphs 1 through 53 of this Indictment are repeated and realleged as if fully set forth within.

79. From at least in or about 2007 through at least in or about 2008, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PADUCH used computers and telephones to communicate with Minor Victim-8 to engage in unlawful sexual activity with Minor Victim-8, in violation of New York Penal Law Section 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## FORFEITURE ALLEGATIONS

80. As a result of committing the offenses alleged in Counts One through Thirteen of this Indictment, DARIUS A. PADUCH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting

21

or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses and proceeds traceable to the commission of said offenses.

## Substitute Asset Provision

81. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 2428; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney

22