UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARIUS PADUCH,<br><br>Defendant. | Criminal No. 1:23-cr-181 (RA)<br><br>Filed Electronically |

---

**MEMORANDUM REGARDING DR. PADUCH'S
SIXTH AMENDMENT RIGHT TO CALL WITNESSES**

---

**BALDASSARE & MARA, LLC**

75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 200-4066
F: (973) 556-1071
E: mbaldassare@mabalaw.com

*Attorneys for Defendant
Dr. Darius Paduch*

*On the brief:*

Michael Baldassare, Esq.
Jennifer Mara, Esq.

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT AND FACTUAL BACKGROUND ............................ 1

II. DR. PADUCH'S SIXTH AMENDMENT RIGHT TO COMPULSORY PROCESS ............................................................................................................ 1

III. THE *TOUHY* REGULATIONS ............................................................................ 2

IV. DR. PADUCH RESERVES ALL RIGHTS ........................................................... 5

V. CONCLUSION ...................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adler v. U.S. Dep't of Justice*, No. 18 Civ. 2188, 2018 WL 4571677 (S.D.N.Y. Sept. 24, 2018) .................................................................................................. 7

*Alexander v. FBI*, 186 F.R.D. 66 (D.D.C. 1998) ........................................................ 6

*Benhoff v. U.S. Dep't of Justice*, No. 16-1095, 2017 WL 84879 (S.D. Cal. Mar. 3, 2017) ........................................................................................................... 7

*Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir. 1989) ............................................. 5

*Cabral v. U.S. Dep't of Justice*, 587 F.3d 13 (1st Cir. 2009) .................................... 7

*Chambers v. Mississippi*, 410 U.S. 284 (1973) ........................................................ 3

*Committee for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 788 (D.C. Cir. 1971) .......................................................................................................... 3

*EEOC v. Los Alamos Constructors, Inc.*, 382 F. Supp. 1373 (D.N.M. 1974) .......... 3

*Government of the Virgin Islands v. Mills*, 956 F.2d 443 (3d Cir. 1992) ................ 3

*Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) ............................................................ 3

*State of Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992) ..................................... 5

*Taylor v. Illinois*, 484 U.S. 400 (1988) ..................................................................... 3

*United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951) ..................................... 3

*United States v. Guild*, 341 Fed. App'x 879 (4th Cir. 2009) .................................... 6

*United States v. Morrison,* 535 F.2d 223 (3d Cir. 1976) .......................................... 3

*United States v. Reynolds*, 345 U.S. 1 (1953) ....................................................... 3, 7

*United States v. Steele*, 769 Fed. App'x 734 (11th Cir. 2019) .................................. 6

*Upsher-Smith Labs., Inc. v. Fifth Third Bank*, No. 16-cv-556 (JRT/HB), 2017 WL 7369881 (D. Minn. Oct. 18, 2017) ............................................................. 7

**REGULATIONS**

28 C.F.R. § 16.21 ........................................................................................................ 1

28 C.F.R. § 16.23 ........................................................................................................ 4

28 C.F.R. § 16.26 ................................................................................................................ 5

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Amend. VI ..................................................................................................... 3

**STATUTES**

18 U.S.C. § 3600A ............................................................................................................ 7

**I.    PRELIMINARY STATEMENT AND FACTUAL BACKGROUND**

The government has demanded a Touhy Notice even though that legal requirement is wholly inapplicable where, as here, the United States is a party to the action. This submission alerts the Court to the government's potential interference with Dr. Paduch's Sixth Amendment right to present witnesses on his behalf, relying on bureaucratic regulations that have no bearing on this criminal matter.

This submission is based on the government's demand for a Touhy notice pursuant to the FBI's bureaucratic C.F.R. provisions (the "Touhy Regulations"). *See* 28 C.F.R. § 16.21, *et seq.* Despite reservations regarding how internal regulations could trump a criminal defendant's well-established Sixth Amendment right to compel witness testimony, defense counsel provided a written submission setting forth the information demanded by the government. Defense counsel provided as much information as appropriate, stopping short of divulging his defense and trial strategy.

**II.   DR. PADUCH'S SIXTH AMENDMENT RIGHT TO COMPULSORY PROCESS**

The Sixth Amendment to the United States Constitution provides the accused in a criminal prosecution the right to offer the testimony of favorable witnesses and "to have compulsory process for obtaining witnesses in his favor." U.S. Const. Amend. VI. "[T]he fundamental right of an accused to present witnesses in his own defense is an essential attribute of our adversarial system of justice." *Government of the Virgin Islands v. Mills*, 956 F.2d 443, 445 (3d Cir. 1992) (citing *Taylor v. Illinois*, 484 U.S. 400, 408 (1988); *Chambers v. Mississippi*, 410 U.S. 284 (1973)). As the Third Circuit reasoned:

> The Compulsory Process clause protects the presentation of the defendant's case from unwarranted interference by the government, be it in the form of an unnecessary evidentiary rule, a prosecutor's misconduct, or an arbitrary ruling by the trial judge.

*Mills*, 956 F.2d at 447. Stated simply, the government asks this court to commit reversible error by limiting Dr. Paduch's efforts to the compulsory process of witnesses. *See United States v.*

*Morrison,* 535 F.2d 223, 227-28 (3d Cir. 1976) (compulsory process clause violated where conduct by the government forced defense witness to decline from testifying).[1]

The Supreme Court has extended the Compulsory Process clause to cover a criminal defendant's right to present witnesses or evidence in his defense, "even though [such a right] is not expressly described in so many words." *Taylor*, 484 U.S. at 409. Indeed, the Court has observed that, "Our cases establish, at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987).

## III. THE *TOUHY* REGULATIONS

In *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951), the Supreme Court held that federal agencies can promulgate regulations regarding the release of information under their control. But, as discussed, *infra*, *Touhy* is far from the government's use in this case. The Court explained that the "variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court" necessitated a centralized "determination as to whether subpoenas *duces tecum* will be willingly obeyed or challenged." *Touhy*, 340 U.S. at 468. Department of Justice regulations authorize DOJ attorneys to

> reveal and furnish to any person ... documents, or information secured by any attorney, or investigator of the Department of Justice, as such attorney shall deem necessary or desirable to the discharge of the attorney's official duties: Provided, Such an attorney shall consider, with respect to any disclosure, the factors set forth in § 16.26(a) of this part; And further provided, An attorney shall not reveal or furnish any material, documents,

---

[1] This is also a substantial separation of powers issue, and the government asks for preferential treatment. When the United States is a party to litigation, "judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953). This would create a significant separation of powers problem. *See Committee for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 788, 793–94 (D.C. Cir. 1971) ("[N]o executive official or agency can be given absolute authority to determine what documents in his possession may be considered by the court in its task."). Similarly, as the court stated in *EEOC v. Los Alamos Constructors, Inc.*, 382 F. Supp. 1373, 1375 (D.N.M. 1974), "[w]hen the government or one of its agencies comes into court ... it is to be treated in exactly the same way as any other litigant. Appointment to office does not confer upon a bureaucrat the right to decide the rules of the game applicable to his crusades or his lawsuits."

2

testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists."

28 C.F.R. § 16.23.

Section 16.26 of the Code of Federal Regulations identifies the considerations to be made in determining whether production of information should be made.

> (b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:
>
> (1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F. R. Crim. P. Rule 6(e).
>
> (2) Disclosure would violate a specific regulation;
>
> (3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency;
>
> (4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection;
>
> (5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired;[2]
>
> (6) Disclosure would improperly reveal trade secrets without the owner's consent.

28 C.F.R. § 16.26.

Thus, *Touhy* was not intended to interfere with a defendant from calling witnesses in defense or from usurping a federal judge's power to control the evidence that a jury considers when determining a defendant's fate. *Touhy* simply holds that a subordinate government official will not be compelled to testify or to produce documents <u>*in private litigation, in which the federal government or any of its agencies is not a party*</u> in cases where a departmental regulation prohibits disclosure in the absence of consent by the head of the department. <u>In cases originating</u>

---

[2] Dr. Paduch has not requested to examine the agents or paralegals about any investigations other than the investigation regarding Dr. Paduch. Dr. Paduch anticipates that the agents' elicited testimony will be *limited to his investigation of this matter*.

3

in federal court in which the federal government is a party to the underlying litigation, the *Touhy* problem simply does not arise. "The policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business." *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989).

The Fifth Circuit reasoned, "the Supreme Court has long held, [*Touhy*] regulations unquestionably give Justice Department employees the authority, when so ordered by superiors, to refuse to comply with a subpoena ordering disclosure of a confidential file *when the United States is not a party to a legal action*." *State of Louisiana v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992) (emphasis added) (citing *Touhy*). The Fourth Circuit has reached the same conclusion, holding that "[t]he policy behind such [*Touhy*] prohibitions on the testimony of agency employees is to conserve governmental resources *where the United States is not a party to a suit*, and to minimize governmental involvement in controversial matters unrelated to official business." *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989).

Cases discussing *Touhy* clearly show that Dr. Paduch's request to question case agents and paralegals about the present case in no way runs afoul of *Touhy*, and in fact, is not the circumstance contemplated by *Touhy*. For example, in *United States v. Steele*, the government sought to use *Touhy* to prevent an IRS agent from testifying. *United States v. Steele*, 769 Fed. App'x 734, 738 (11th Cir. 2019)). However, in that case, the investigating case agent did testify, and the defendant had attempted to call another IRS agent to collaterally impeach the investigating case agent's testimony. *Steele*, 769 Fed. App'x at 737.

Further, and most fatal to the government's attempt to use *Touhy* to interfere with Dr. Paduch's rights is a line of cases in circuit courts has held that the *Touhy* regulations apply only where *"the United States is not a party to the original legal proceeding." Alexander v. FBI*, 186 F.R.D. 66, 70 (D.D.C. 1998).

A number of civil[3] cases have also considered *Touhy*, and in fact, it appears that this is where application of *Touhy* is more justified. This Court is well aware that the rights of the accused in a criminal prosecution are far greater than those present in a civil case between parties, *i.e.*, those rights derived from the Fifth and Sixth Amendments. Dr. Paduch will not belabor this point, except to highlight that far afield issues in those cases determined the inapplicability of the *Touhy* regulations to Dr. Paduch's constitutional rights. Thus, the government's reliance on *Touhy* is inappropriate and defense counsel should be permitted to defend his client.

## IV.   DR. PADUCH RESERVES ALL RIGHTS

"Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *Reynolds*, 345 U.S. at 9-10. Dr. Paduch reserves the right to convert this memo into a brief in support of a motion if necessary. Among several other forms of relief, Dr. Paduch may move for a mistrial that would bar retrial, a mistrial, a stay of trial pending an emergent appeal to the Second Circuit, and/or for the agents to be held in contempt of court.[4]

## V.   CONCLUSION

For the reasons set forth herein, Dr. Paduch respectfully requests that the Court consider the discussion in this submission in the event the government raises any objection to his

---

[3] Specifically, *United States v. Reynolds*, 345 U.S. 1 (1953), dealt with a request for military secrets for a Federal Tort Claims Act case related to an Air Force crash. *Adler v. U.S. Dep't of Justice*, No. 18 Civ. 2188, 2018 WL 4571677 (S.D.N.Y. Sept. 24, 2018), dealt with a *Touhy* request for information covered by a protective order. In *Cabral v. U.S. Dep't of Justice*, 587 F.3d 13, 23 (1st Cir. 2009), the government substantially complied with *Touhy* by permitting two FBI agents to give testimony and provide affidavits and allowing another agent to provide deposition and trial testimony. The government only did not comply with the elements of the request that did not involve primary elements of the case. *Upsher-Smith Labs., Inc. v. Fifth Third Bank*, No. 16-cv-556 (JRT/HB), 2017 WL 7369881 (D. Minn. Oct. 18, 2017), pertained to a plaintiff who sought investigation files from the Department of Justice, which was not a party in the matter. In *Benhoff v. U.S. Dep't of Justice*, No. 16-1095, 2017 WL 84879 (S.D. Cal. Mar. 3, 2017), the request was denied because it sought specific information about how and when the FBI investigates and monitors for child pornography in unrelated cases and would also reveal FBI investigative strategy.

[4] Pursuant to what is colloquially known as the Hyde Amendment, Dr. Paduch reserves his rights to seek monetary and other relief against any prosecutor who interferes with his Sixth Amendment right to present a fulsome defense. *See* 18 U.S.C. § 3006A, Legislative Note Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1998), (codified as amended at 18 U.S.C. § 3006A (2000)).

subpoenas of the agents and paralegals whom the government now contends are the appropriate parties for impeachment testimony.

Respectfully,

**BALDASSARE & MARA, LLC**

*Attorneys for Defendant Darius Paduch*

By: <u>/s Michael Baldassare</u>
     Michael Baldassare

Date: April 26, 2024