

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

May 6, 2024

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:     **United States v. Paduch, S2 23 Cr. 181 (RA)**

Dear Judge Abrams:

The Government respectfully submits this letter to further address its request that the Court's instructions to the jury include, as to Counts Seven through Eleven,[1] the theory of liability codified at 18 U.S.C. § 2(b), which is properly charged in the S2 Indictment.

18 U.S.C. § 2(b) provides "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."  As the Second Circuit has explained, "[t]his section is based on the precept that an individual with the requisite criminal intent may be held liable as a principal if he is a cause in fact in the commission of a crime, notwithstanding that the proscribed conduct is achieved through the actions of innocent intermediaries."  United States v. Blackmon, 839 F.2d 900, 905 (2d Cir. 1988) (citation and quotations omitted); see also United States v. Holland, 381 F.3d 80, 88 (2d Cir. 2004) ("Section 2(b) allows a conviction . . . even when the defendant was not present or did not personally commit all of the requisite acts establishing the offense." (citation and quotation marks omitted)).

The S2 Indictment specifically cites and charges a theory under 18 U.S.C. § 2 as to every 18 U.S.C. § 2422(b) count.  The S2 Indictment expressly put the defense on notice that, as to certain minor victims, the Government's theory of liability would include proof that the defendant directed members of his staff to use the interstate facility—the telephone—to schedule the minor victims for follow-up appointments with the defendant:

- "After Minor Victim-3's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-3 was under the age of 18—

---

[1]   To avoid confusion, the Government uses the Count numbering contained in the draft jury instructions, rather than the Count numbering contained in the S2 Indictment.

PADUCH **and his staff** used a telephone to discuss Minor Victim-3's purported ongoing treatment with Minor Victim-3's parent, thus inducing Minor Victim-3 to return to PADUCH's office for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-3." (S2 Ind. ¶ 27 (emphasis added).)

- "After Minor Victim-5's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-5 was under the age of 18—PADUCH **and his staff** used a telephone to discuss Minor Victim-5's purported ongoing treatment with Minor Victim-5's parent, thus inducing Minor Victim-5 to return to PADUCH's office for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-5." (Id. ¶ 38 (emphasis added).)

- "After Minor Victim-8's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-8 was under the age of 18—PADUCH **and his staff** used a telephone to discuss Minor Victim-8's purported ongoing treatment with Minor Victim-8's parent, thus inducing Minor Victim-8 to return to PADUCH's office for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-8." (Id. ¶ 53 (emphasis added).)

Each of the above allegations was realleged and reincorporated by reference in the statutory allegation paragraphs for each of the 18 U.S.C. § 2422(b) counts. (Id. ¶¶ 68, 70, 72, 76, 78.) The defense has thus always been aware that the Government would advance an 18 U.S.C. § 2(b) theory as to the charged counts. Indeed, in connection with the preliminary jury instructions, the *defense* submitted the parties' joint proposal to instruct the prospective jurors as follows:

> The defendant is also alleged to have used**, either himself or through other people,** computers or telephones to knowingly persuade, induce, entice, or coerce minor patients to engage or attempt to engage in unlawful sexual activity.[2]

Without objection from the defense, the Court in fact gave the above instruction during voir dire.

On this record, there is no basis for the suggestion that inclusion of a 18 U.S.C. § 2(b) instruction would constructively amend the S2 Indictment. Indeed, the Second Circuit has held that there is no constructive amendment even where the Government *entirely fails* to cite 18 U.S.C. § 2 in the charging instrument. See, e.g., United States v. Mucciante, 21 F.3d 1228, 1234 (2d Cir. 1994) ("[I]t is well established that a trial judge may properly give an aiding and abetting instruction even if the indictment does not expressly charge a violation of 18 U.S.C. § 2."); United States v. Smith, 727 F.2d 214, 217 (2d Cir. 1984) ("An aiding and abetting jury instruction is

---

[2]   On April 18, 2024, the defense submitted an email to the Court attaching these instructions, with the message: "Dear Judge Abrams, attached is a redlined copy of the proposed voir dire. The parties are in agreement on these changes except as otherwise noted in a comment in the right margin."

appropriate where the prosecution makes it known that it intends to proceed on a theory of aiding and abetting and the evidence so warrants."). Here, the Government has made it clear at every juncture that, as to the interstate facility element of the § 2422(b) counts, it intends to proceed, in part, on a 18 U.S.C. § 2(b) theory. The jury should be instructed on that theory. As proposed by the Government at the charging conference, the simplest and clearest way to include that instruction is to add the bolded phrases below:

- "First, that the defendant used**, or willfully caused another to use**, a facility of interstate commerce"

- "The first element of Counts Seven through Eleven that the government must prove beyond a reasonable doubt is that the defendant used a facility of interstate commerce**, or willfully caused another person to do so**"

The bolded language mirrors the statutory language of 18 U.S.C. § 2(b), and appropriately focuses the jury on the aspect of the charges to which a § 2(b) theory is relevant.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

by:  ___/s/_____
Marguerite B. Colson / Elizabeth A. Espinosa
Jun Xiang / Ni Qian
Assistant United States Attorneys
(212) 637-2587 / -2216 / -2289 / -2364

**CC**
Counsel of Record