UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DARIUS PADUCH,<br><br>　　　　　　　　　Defendant. | 23-CR-181 (RA)<br><br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

In May 2024, a jury convicted Defendant Darius Paduch, a urologist, of committing sex crimes against numerous patients, including five minors, over a twelve-year period. The evidence at trial demonstrated that Paduch knowingly persuaded, induced, enticed, or coerced patients to travel in interstate commerce to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(a). It also demonstrated that he used the Internet or telephones to knowingly persuade, induce, entice, or coerce minor patients to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). Once the patients were under his care, Paduch masturbated them for no medical purpose.

Paduch now moves for a new trial under Federal Rule of Criminal Procedure 33. He contends that his convictions under 18 U.S.C. § 2422(a) and (b) are unconstitutional because they relied on an underlying provision that was less serious: New York Penal Law § 130.55, a Class B misdemeanor. For the reasons that follow, his motion for a new trial is denied.

## BACKGROUND

Darius Paduch worked as a urologist specializing in male infertility and male reproductive health. In April 2023, the Government filed an indictment alleging that Paduch had sexually abused his patients, including minor ones, in violation of 18 U.S.C. § 2422(a) and (b). After a ten-

day trial, a jury convicted him on eleven counts: six violations of § 2422(a) and five of § 2422(b). *See* Dkt. 131.

The evidence at trial demonstrated that, for no medical purpose, Paduch masturbated numerous patients. To carry out his abuse, Paduch informed his patients—many of whom traveled from New Jersey or Maryland, *see, e.g.*, Trial Tr. 435:14–15, 638:6–9—that they needed to provide a semen sample or "practice" masturbating, *see, e.g.*, *id.* 124:6–11, 168:17–18, 660:22–25, 704:10–11, 747:19–20, 934:5. Rather than afford them privacy, Paduch would remain in the exam room or reenter it before patients had finished masturbating. *See, e.g.*, *id.* 705:19, 734:15–17, 901:2–4. He watched them masturbate as pornography played, before using his own hands and vibrating devices to masturbate them. *See, e.g.*, *id.* 653:24–25, 734:13–17, 900:13–16, 901:13–17, 1042:1–7. At times, Paduch failed to provide sample cups for patients' ejaculate, commented on the appearance of their penises and masturbation techniques, and disclosed information about his own sexual activity. *See, e.g.*, *id.* 666:16–667:6, 856:9–13, 913:21–24, 1043:16–18, 1136:3–6. Patients often returned to Paduch for numerous follow-up appointments, prompted by telephone and Internet communications. *See, e.g.*, *id.* 641:13–642:11. He abused some of them for years. *See, e.g.*, *id.* 191:14–18, 499:25–500:1, 657:13–15.

In May 2024, Paduch filed the instant motion for a new trial under Rule 33.[1] *See* Dkt. 134.

## LEGAL STANDARD

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "[T]he standard

---

[1] Before trial, the Government informed both Paduch and the Court that it no longer intended to proceed on Counts Six and Eleven of the Second Superseding Indictment. *See* Dkt. 81. During trial, the Court granted the Government's motion to dismiss those counts. *See* Dkt. 121. In addition to moving for a new trial under Rule 33, Paduch moves for a judgment of acquittal on Counts Six and Eleven pursuant to Federal Rule of Criminal Procedure 29 or for their dismissal to be clarified as being "with prejudice." *See* Def. Rule 29 Mot., Dkt. 133 at 1. The Government now agrees that those counts were dismissed "with prejudice." *See* Gov. Opp., Dkt. 156 at 2. Paduch's Rule 29 motion is thus moot.

for granting such a motion is strict," *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995), requiring "extraordinary circumstances," *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009).[2] *See United States v. Zagari*, 111 F.3d 307, 322 (2d Cir. 1997); *United States v. Locascio*, 6 F.3d 924, 949 (2d Cir. 1993). The defendant bears the burden of demonstrating that such circumstances exist. *See McCourty*, 562 F.3d at 475. Ultimately, the question is whether he has proven that "letting a guilty verdict stand would be a manifest injustice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001).

## DISCUSSION

In seeking a new trial, Paduch claims that his convictions under 18 U.S.C. § 2422 are unconstitutional. In particular, he argues that these convictions violate the Fifth Amendment's Due Process Clause and the Constitution's Commerce Clause because the underlying offenses—violations of New York Penal Law § 130.55—are less severe than § 2422 itself. In support, he observes that the sentencing requirements and statute of limitations for New York Penal Law § 130.55 are less harsh than those for 18 U.S.C. § 2422(a) and (b).

Section 2422(a) carries a 20-year maximum prison sentence. It provides that

> [w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate . . . commerce . . . to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 2422(a). Section 2422(b), which pertains to minors, carries a ten-year mandatory minimum prison sentence. Under § 2422(b),

> [w]hoever, using the mail or any facility or means of interstate . . . commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any

---

[2] Unless otherwise indicated, this opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

3

    person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). Neither offense carries a statute of limitations, *see* 18 U.S.C. § 3299, and both require underlying criminal sexual activity. Here, that underlying criminal sexual activity was sexual abuse in the third degree as codified by New York Penal Law § 130.55, which provides that "[a] person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent." N.Y. Penal Law § 130.55.[3]

    Section 130.55 carries a three-month maximum prison sentence. *See* N.Y. Penal Law § 70.15(2). It also typically carries a two-year statute of limitations. *See* N.Y. Crim. Proc. Law § 30.10(2)(c). Yet where the victim is a minor, the statute of limitations runs from the time the victim turns 23 "or the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever occurs earlier." *Id.* § 30.10(3)(f).

### I. Procedural Appropriateness of Rule 33

    As a threshold matter, the Government challenges Paduch's motion on procedural grounds. Although Rule 33 motions typically rely on arguments about evidence or misconduct, Paduch's motion, by contrast, concerns the constitutionality of the statute under which he was convicted. The Government thus construes his motion as one seeking the dismissal of his indictment—a remedy it maintains is unavailable under Rule 33.

    Whether a defendant can move to dismiss an indictment under Rule 33 is not entirely clear. *Compare United States v. Umeh*, 646 F. App'x 96, 98 n.1 (2d Cir. 2016) (declining to reach the issue of "whether Rule 33 is the proper vehicle for a post-conviction motion to dismiss the indictment"), *with United States v. Hernandez*, No. 15-CR-379, 2024 WL 2078264, at *6

---

[3] Under New York law, "[a] person is deemed incapable of consent when he or she is . . . a client or patient and the actor is a health care provider . . . and the act of sexual conduct occurs during a treatment session, consultation, interview, or examination," N.Y. Penal Law 130.05(3)(h), and such conduct was not performed for "a valid medical or mental health care purpose," *see* N.Y. Penal Law § 130.10(2).

4

(S.D.N.Y. May 9, 2024) (observing that Rule 33 "does not authorize the Court to dismiss an indictment or vacate a conviction without granting a new trial"), *and United States v. Boyle*, No. 08-CR-523, 2010 WL 4457240, at *7 (S.D.N.Y. Oct. 27, 2010), *aff'd*, 452 F. App'x 55 (2d Cir. 2011) (denying a Rule 33 motion in which a defendant sought to dismiss his indictment on double jeopardy grounds). Nonetheless, the Court need not reach this question because Paduch neither explicitly asks it to dismiss his indictment nor persuades it that § 2422 is unconstitutional. For the latter reason, the Court also assumes without deciding that "letting a guilty verdict stand" on counts that violate the Constitution would "be a manifest injustice." *See Ferguson*, 246 F.3d at 134; *cf. Boyle*, 452 F. App'x at 57 (considering a defendant's double jeopardy argument in the context of a Rule 33 motion).

## II. Due Process Clause

The Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. Paduch fails to explain how the disparities between 18 U.S.C. § 2422 and New York Penal Law § 130.55 violate the Due Process Clause, let alone identify any case law in support of his argument.

To the extent he suggests that a federal criminal statute may not punish a defendant more severely than a related state one, he is incorrect. As the Supreme Court explained in *Abbate v. United States*, a "disparity" in sentencing requirements "will very often arise when," for example, "defendants' acts impinge more seriously on a federal interest than on a state interest." 359 U.S. 187, 195 (1959); *see United States v. Begin*, 696 F.3d 405, 413 (3d Cir. 2012) ("The federal government and the states are separate sovereigns with concurrent jurisdiction over various offenses, and they may therefore apply disparate punishments to similar conduct."); *United States v. Malone*, 503 F.3d 481, 486 (6th Cir. 2007) ("There are inherent disparities between federal and state court sentences, but such is the nature of a federalist system involving two independent

5

sovereigns each having their own criminal justice systems."). The federal government, after all, has "legitimate, but not necessarily identical, interests [as a state government] in the prosecution of a person for acts made criminal under the laws of both." *Rinaldi v. United States*, 434 U.S. 22, 28 (1977). Indeed, when sentencing a defendant for a federal offense, a court need not even consider disparities between sentences for similar federal and state offenses. *See United States v. Johnson*, 505 F.3d 120, 123–24 (2d Cir. 2007).

That New York Penal Law § 130.55 is an underlying offense, as opposed to one merely similar to 18 U.S.C. § 2422, does not alter the Court's analysis. Several Circuits have held that a violation of state law may underlie a defendant's conviction under § 2422. *See, e.g.*, *United States v. Dwinells*, 508 F.3d 63, 72 (1st Cir. 2007) (holding that "criminal offense" under § 2422(b) "may be defined by the laws of any of the several states"); *United States v. Whisman*, 757 F. App'x 391, 392 (5th Cir. 2019); *United States v. Panfil*, 338 F.3d 1299, 1301 & 1300 n.2 (11th Cir. 2003); *United States v. Patten*, 397 F.3d 1100, 1103 (8th Cir. 2005). The same is true even where the criminal offense is a misdemeanor under state law. The Ninth Circuit, for example, has held that § 2422(b) covers misdemeanors in a manner consistent with due process. *See United States v. Shill*, 740 F.3d 1347, 1355 (9th Cir. 2014) (observing that "[a] person of ordinary intelligence would have no doubt that criminal liability under the statute does not depend on whether the conduct constitutes a misdemeanor or a felony under state law"). Relatedly, in *United States v. Dominguez*, the Eleventh Circuit "acknowledge[d] the possibility that some persons might be subjected to a mandatory minimum 10-year prison sentence under § 2422(b) even if the sexual activity they engaged in constituted only a misdemeanor under state . . . law." 997 F.3d 1121, 1126 n.4 (11th Cir. 2021); *cf. United States v. Kokayi*, No. 1:18-CR-410, 2019 WL 2997384, at *3 (E.D. Va. July 9, 2019), *aff'd*, No. 19-4510, 2021 WL 3733010 (4th Cir. Aug. 24, 2021) (rejecting the argument that the sentencing disparity between § 2422(b) and the underlying state misdemeanor offends due

process).[4] The differences in the sentencing requirements applicable to 18 U.S.C. § 2422 and New York Penal Law § 130.55 thus do not render Paduch's convictions unconstitutional.

Nor does the federal government's choice to prosecute Paduch in federal court rather than refer his case to state prosecutors, who might be constrained by different statutes of limitations. "[D]ue process is not violated by choice of forum." *United States v. Haynes*, 985 F.2d 65, 69 (2d Cir. 1993); *see also, e.g.*, *United States v. Turpin*, 920 F.2d 1377, 1388 (8th Cir. 1990) ("The fact that the federal government prosecutes a federal crime in a federal court that could have been or has been prosecuted as a state crime in a state court does not itself violate due process."); *United States v. Reyes*, 966 F.2d 508, 509 (9th Cir. 1992) ("[A] prosecutor's decision to pursue federal charges does not violate due process."). "[W]hether . . . to file what charges, against whom, and when to file, are questions to be determined exclusively within the discretionary authority of district attorneys in state court and United States attorneys in federal court." *United States v. Melendez*, 60 F.3d 41, 50 (2d Cir. 1995), *judgment vacated on other grounds sub nom. Colon v. United States*, 516 U.S. 1105 (1996). Furthermore, "even if the defendant faces a harsher sentence in federal court," the choice to prosecute a defendant in federal court still comports with due process. *United States v. Johnson*, 977 F.2d 457, 459 (8th Cir. 1992); *see also United States v. Batchelder*, 442 U.S. 114, 125 (1979) (observing that the Due Process Clause permits a "prosecutor [to] be influenced by the penalties available upon conviction"). Paduch's prosecution

---

[4] In different but related contexts, other Circuits have rejected arguments that focused on the disparity between 18 U.S.C. § 2422(b)'s ten-year mandatory minimum sentence and the sentencing requirements for the underlying state crime. The Seventh Circuit, for example, rejected a defendant's equal protection challenge where he argued "that the state offense on which federal liability [was] based ha[d] no corresponding mandatory minimum." *United States v. Brucker*, 646 F.3d 1012, 1018 (7th Cir. 2011). It explained that "Congress and the state legislatures are free to fashion their own, differing approaches to criminal problems and sentencing without violating equal protection." *Id.* "That the federal defendant may face harsher punishment than his state counterpart, or vice versa, simply does not raise equal protection concerns." *Id.*; *see also United States v. Kokayi*, No. 19-4510, 2021 WL 3733010, at *12 (4th Cir. Aug. 24, 2021) ("As for the difference in the state and federal crimes involved here, pursuant to the dual sovereignty doctrine, Congress and the states may choose to treat a similar crime differently.").

and subsequent convictions in federal court for violations of 18 U.S.C. § 2422 are thus consistent with the Due Process Clause.

### III. Commerce Clause

Paduch's convictions under § 2422 are also consistent with the Commerce Clause. The Commerce Clause empowers Congress to regulate three types of activity: (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "those activities having a substantial relation to interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558–59 (1995). Both subsections of § 2422 fit within these categories of permitted regulation.

Section 2422(a) provides that

> [w]hoever knowingly persuades, induces, entices, or coerces any individual *to travel in interstate . . . commerce . . .* to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 2422(a) (emphasis added). "Interstate travel inherently involves use of the channels of interstate commerce." *United States v. Guzman*, 591 F.3d 83, 90 (2d Cir. 2010), *as amended* (Jan. 8, 2010). At a minimum, then, § 2422(a) falls squarely within the first *Lopez* category.

Section 2422(b), meanwhile, fits comfortably within at least the second category. According to that provision:

> Whoever, *using the mail or any facility or means of interstate . . . commerce, . . .* knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b) (emphasis added). As then-Judge Sotomayor explained in *United States v. Giordano*, a statute that proscribes the "use of the mail or any facility or means of interstate . . . commerce" to a specified end "is clearly founded on the second type of Commerce Clause power

8

categorized in *Lopez*." 442 F.3d 30, 41 (2d Cir. 2006). Multiple courts have accordingly deemed § 2422(b) constitutional under the Commerce Clause. *See United States v. Tykarsky*, 446 F.3d 458, 470 (3d Cir. 2006) (concluding that § 2422(b) falls within the first and second *Lopez* categories); *United States v. Hobbs*, 550 F. App'x 345, 345 (8th Cir. 2014) ("[S]ection 2422(b) was validly enacted under the Commerce Clause."); *United States v. Hornaday*, 392 F.3d 1306, 1310–11 (11th Cir. 2004).[5]

Accordingly, even assuming that "letting a guilty verdict stand" on counts that violate the Due Process and Commerce Clauses would "be a manifest injustice," none has occurred here. *See Ferguson*, 246 F.3d at 134. Paduch is thus not entitled to a new trial.

## CONCLUSION

Paduch's convictions for violating 18 U.S.C. § 2422(a) and (b) are not unconstitutional merely because they rely on a less serious underlying provision: New York Penal Law § 130.55. His Rule 33 motion for a new trial is thus denied. The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 132 and 134.

SO ORDERED.

Dated:   August 2, 2024
         New York, New York

                                                _____
                                                Ronnie Abrams
                                                United States District Judge

---

[5] Given that § 2422 complies with either one or both of the first two *Lopez* categories, it need not fall under the third category to comport with the Commerce Clause. *See United States v. Gil*, 297 F.3d 93, 100 (2d Cir. 2002); *United States v. McGriff*, 287 F. App'x 916, 918 (2d Cir. 2008).